UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NATHANIEL DEWEESE KENDRICK,

    Petitioner,

-vs-                              Case Nos.  5:08-cv-447-Oc-10GRJ
                                                      5:03-cr-63-Oc-10GRJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER GRANTING PETITION**

The Defendant/Petitioner has filed a motion under 28 U.S.C. § 2255 seeking to vacate his existing sentence and have a new sentence imposed (Doc.1)

At his sentencing hearing the Defendant was classified as a "career offender" under the United States Sentencing Guidelines and his sentence was enhanced under U.S.S.G. § 4B1.1 based upon a prior state court conviction for carrying a concealed firearm which this Court treated as a felony "crime of violence" under the Guidelines. The Court of Appeals has since held, however, contrary to earlier circuit precedent, that carrying a concealed firearm should no longer be treated as a crime of violence for Guidelines sentencing purposes. Archer v. United States, 531 F.3d 1347 (11th Cir. 2008).

The Defendant seeks relief under Archer and relies primarily upon two recent decisions rendered in this district granting the writ under similar circumstances. McCarty v. United States, Case No. 8:05-CR-192-T-24TBM, 2009 WL 1456386 (M.D. Fla. May 22, 2009) (Bucklew, J.); and George v. United States, Case No. 8:09-CV-167-T-26TGW, 2009 WL 1370858 (M.D. Fla. May 14, 2009) (Lazzara, J.).

**Procedural Background**

The single count indictment against the Defendant was returned on September 24, 2003, charging the offense of possessing cocaine base or crack cocaine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1). Pursuant to a written plea agreement with the United States, the Defendant entered a plea of guilty on December 16, 2003. The plea agreement was in the standard form used by the United States Attorney in this district including a clause under which the Defendant waives his right to appeal or to collaterally attack his sentence except upon narrowly prescribed circumstances not present here. In this instance, however, the parties interlineated in handwriting a provision that "the Defendant reserves the right to appeal the issue of whether his conviction for carrying a concealed firearm is a felony crime of violence under U.S.S.G. § 4B1.1."

At the sentencing hearing held on April 22, 2004, the Court determined, over Defendant's objection, that the Defendant had a prior drug trafficking conviction as well as the concealed weapon conviction (treated as a felony crime of violence) thereby qualifying him as a career offender under § 4B1.1 of the Guidelines. This resulted in a substantial enhancement of his Guidelines sentence to Offense Level 29 and a sentencing range of 151 to 188 months.[1] The Court then imposed a sentence at the low end of that range — a term of commitment of 151 months.

The Defendant appealed the sentence and, on October 25, 2004, the Court of Appeals dismissed the appeal finding that under the settled law of the Circuit, citing United States v. Adams, 316 F.3d 1196 (11th Cir. 2003) and United States v. Gilbert, 138 F.3d 1371 (11th Cir. 1998), a conviction for carrying a concealed firearm constituted a "crime of violence" for purposes of Guidelines sentencing.

---

[1] The Defendant had 16 Criminal History points placing him in Criminal History Category VI regardless of the application of § 4B1.1.

On September 19, 2007, the Court of Appeals reached the same result in United States v. Archer, 243 Fed. Appx. 564, 2007 WL 2713037 (11th Cir. 2007), and Archer petitioned the Supreme Court for certiorari. On April 16, 2008, the Supreme Court decided Begay v. United States, ___U. S. ___, 128 S. Ct. 1581, 170 L.Ed. 2d 490 (2008), holding that a felony offense of driving under the influence is not a "violent felony" within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Court then granted certiorari in Archer and remanded for further consideration in light of Begay. On remand, the Court of Appeals in Archer II applied Begay and overruled Gilbert, supra, together with its circuit progeny, and squarely held that "the crime of carrying a concealed firearm [under Florida law] may no longer be considered a crime of violence under the Sentencing Guidelines." United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

The Defendant then timely filed the instant motion under § 2255 on October 20, 2008, within one year after the decisions in both Begay and Archer. See 28 U.S.C. § 2255(f)(3). There can be no procedural bar since the Defendant raised the issue at sentencing and on appeal, so the issue is whether Begay and Archer created a new substantive rule to be applied retroactively to cases on collateral review.

In McCarty and George, supra, Judges Bucklew and Lazzara directly confronted that issue and both held, persuasively, that Begay announced a new substantive rule of law subject to retroactive application to cases on collateral review. It is true that all three of those decisions involved interpretation of the term "violent felony" as used in the Armed Career Criminal Act, 18 U.S.C. § 924(e), as distinguished from § 4B1.1 of the Sentencing Guidelines, but that is a distinction without a difference. See Archer, 531 F.3d at1350, n. 1. Furthermore, the Government's attempt to analogize the decision in Archer to a clarifying amendment of the Guidelines by the Sentencing

3

Commission is unpersuasive. If that analogy had any force, then Burke v. United States, 152 F.3d 1329 (11th Cir. 1998) would teach that a clarifying amendment to the guidelines is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice. But Burke expressly noted that "[c]larifying amendments do not effect a substantive change,"(152 F.3d at 1332), they merely reflect the Commission's previously unstated view of what was intended from the inception of the Guideline in question. Here, by contrast, Archer represents a clear and dramatic break from prior precedent involving an important substantive issue as distinguished from a procedural question or clarification of original intent.

It follows that the Defendant's motion for relief under 28 U.S.C. § 2255 (Doc. 1) is GRANTED to the extent that his existing sentence is set aside and he is entitled to a new sentencing hearing to be scheduled and separately noticed by the Clerk.

The Clerk is directed to enter judgment accordingly. The Clerk is further directed to withhold scheduling a new sentencing hearing, pending further Order of the Court, in the event the United States files a timely notice of appeal from such judgment. If no timely notice of appeal is filed, the Clerk shall proceed to schedule a new sentencing hearing in the usual course.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida, this 15th day of September, 2009.

*[signature]*
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record
Maurya McSheehy

4